# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:14-CV-1884-TLS |
| | ) |
| JUAN C. AGUIRRE, INDIVIDUALLY | ) |
| AND D/B/A TAQUERIA LOS GALLOS, | ) |
| BEATRIZ ZARATE, INDIVIDUALLY | ) |
| AND D/B/A TAQUERIA LOS GALLOS, | ) |
| GRACIELA VALLES, INDIVIDUALLY | ) |
| AND D/B/A TAQUERIA LOS GALLOS, | ) |
| AND TAQUERIA LOS GALLOS, INC., | ) |
| AN UNKNOWN BUSINESS ENTITY, | ) |
| D/B/A TAQUERIA LOS GALLOS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Plaintiff, G & G Closed Circuit Events, LLC, is a company that licenses sports programming for viewing by television audiences. Taqueria Los Gallos is a commercial establishment located in Logansport, Indiana, that the Plaintiff alleges is owned and operated by one of the Defendants, Juan C. Aguirre. The Plaintiff alleges that it possessed the exclusive nationwide television distribution rights to the "Knockout Kings": Canelo Alvarez v. Josesito Lopez Championship Fight Program (the Program) that was broadcast nationwide via closed-circuit television on Saturday, September 15, 2012. The Plaintiff alleges that it entered into sub-licensing agreements with various commercial establishments to permit public exhibition of the Program. According to the Complaint, the Defendants unlawfully intercepted, published, and exhibited the Program at their Logansport establishment without the Plaintiff's authorization, and did so willfully and for the purpose of direct or indirect commercial advantage or private financial gain.

The three-count Complaint [ECF No. 1] filed on September 11, 2014, alleges conversion and violations of 47 U.S.C. §§ 553 and 605, for which the Plaintiff seeks statutory, compensatory, and punitive damages as well as attorney's fees. On October 8, 2015, the Clerk's Entry of Default [ECF No. 19] was entered against Juan C. Aguirre, Individually and d/b/a Taqueria Los Gallos, Graciela Valles, Individually and d/b/a Taqueria Los Gallos, and Taqueria Los Gallos, Inc. d/b/a Taqueria Los Gallos, pursuant to Federal Rule of Civil Procedure 55(a). The Plaintiff now moves for the entry of default judgment against these Defendants. Service was never executed on the remaining Defendant, Beatrice Zarate.

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The Plaintiff's Motion for Default indicates that its claims are based upon violations of 47 U.S.C. §§ 605 and 553. The Motion is accompanied by an Affidavit showing the Defendants' default, and by an Affidavit for Attorney Fees. There is no Memorandum of Law in support of the Motion, and no evidentiary submissions for damages, other than the attorney's fees.

Section 605 of the Federal Communications Act of 1934 provides, in relevant part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information contained therein) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Section 605 is "generally interpreted to prohibit commercial establishments from intercepting and broadcasting satellite and cable television programming." *J & J Sports Prods., Inc. v. Perez*, No. 12 C 8256, 2014 WL 3805818, at *2 (N.D. Ill. Aug. 1, 2014) (citing, in part, *United States v. Norris*, 88 F.3d 462 (7th Cir. 1996)). "Any person aggrieved . . . may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A). To establish liability, the plaintiff must demonstrate that the defendant unlawfully exhibited, published, or divulged the plaintiff's privileged communication. *Id.* § 605(a). Title 47 of the United States Code Section 553 provides, in pertinent part, that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

Under § 605, a plaintiff may recover actual or statutory damages. § 605(e)(3)(C)(i)(II). The statutory damages may range from $1,000 to $10,000, "as the court considers just," *id.*, but § 605(e)(3)(C)(ii) permits an increase in damages of up to $100,000 where "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private

financial gain," § 605(e)(3)(C)(ii). Plaintiffs may also recover costs and attorney's fees. § 605(e)(3)(B)(iii). Where a violation of 47 U.S.C. § 553(a) is concerned, a court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just," and may increase the award up to $50,000 if the "violation was committed willfully and for purposes of commercial advantage or private financial gain." § 553(c)(3)(A), (B). Attorney's fees are also recoverable. *Id.* § 553(c)(2)(C).

For a defendant to be liable under § 605 in his individual capacity, the plaintiff must demonstrate that the individual defendant had "a right and ability to supervise the violations and that he had a strong financial interest in such activities." *J & J Sports Prods., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, No. 2:09–03141–DCN–RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010) (quotation marks and citation omitted); *see, e.g., Joe Hand Promotions, Inc. v. Rizzi*, No. 12–2526, 2013 WL 6243824, at *5 (W.D. Tenn. Dec. 3, 2013) (finding that the individual defendant "owns and manages the Establishment, which gave him the right and ability to supervise the violations and the requisite financial interest, notwithstanding his decision not to be present during the Events.").

"Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim." *Gard v. B & T Fin. Servs., LLC*, No. 2:12–CV–005–JD, 2013 WL 228816, at *1 (N.D. Ind. Jan. 22, 2013) (collecting cases); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."); *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (After default entry, court still bound to "consider whether plaintiff's allegations are

sufficient to state a claim for relief."); *Cf. Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (noting that the entry of default does not "preclude a party from challenging the sufficiency of the complaint"). With this in mind, the Court finds that the Complaint allegations do not establish a legal claim against Defendant Graciela Valles, as there are no factual allegations regarding this individual's connection to the unlawful activity or to the establishment in Logansport, Indiana. With respect to the other named individual against whom default has been entered, the Plaintiff alleges that it has been "informed and believes . . . that defendant, Juan C. Aguirre, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Taqueria Los Gallos operating at 800 West Market Street, Logansport, Indiana 46947." (Compl. ¶ 6.) Accordingly, the Complaint states a claim against Defendant Aguirre in his individual capacity.

However, it is unclear whether another allegation—that the Defendants' "unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain" (*id.* ¶ 12)— is sufficient, absent additional evidence, to establish that enhanced damages should be award against Defendant Aguirre. The effect of an entry of default is that the well-pleaded allegations of a complaint *relating to liability* are taken as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Allegations regarding willfulness go to damages, not to liability.

Even if it is sufficient, the Plaintiff has offered no evidence to suggest what amount of enhanced damages might be appropriate to impose against any of the Defendants. As mentioned

5

above, the Plaintiff has not submitted a legal brief in support of its Motion for Default Judgment. The Plaintiff's submissions do not even attempt to delineate whether the Plaintiff is pursuing enhanced statutory damages for a willful violation, or whether it is seeking damages within the $250 to $10,000 range (§ 553) or damages within the $1,000 to $10,000 range (§ 605). The Motion refers only to "statutory damages" without further defining or identifying the request. (Mot. for Default 1, ECF No. 20 ("Plaintiff's claims are based upon violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, which provides for statutory damages and award of attorney fees.").) Additionally, in the Seventh Circuit a plaintiff "may not simultaneously pursue relief under both [§ 605 and § 553], because they target two distinct types of piracy." *Joe Hand Promotions*, 2008 WL 4776365, at *2 (citing *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996) (holding that 47 U.S.C. § 605 governs the interception of programming as it travels through the air, while 47 U.S.C. § 553 governs the interception of cable television programing traveling over a cable network)). The Plaintiff has not attempted to identify under which statute it is requesting damages.

Courts must conduct an inquiry to ascertain with reasonable certainty the amount of damages to award. *See WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 607 (7th Cir. 2008). The amount can be based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *In re Catt*, 368 F.3d at 793. Here, the Plaintiff's submissions do not permit the Court to determine what amount of damages would be "just." Accordingly, the Court denies the Plaintiff's Motion without prejudice and with leave to refile.

**CONCLUSION**

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE the Plaintiff's Motion for Default [ECF No. 20]. The Plaintiff may refile its request for default judgment with appropriate supporting affidavits and legal authority. Failure to renew the motion by February 28, 2017, will result in dismissal of this action without prejudice.

SO ORDERED on December 19, 2016.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION